IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RAUPP,           )<br>          Petitioner      )<br>                              )<br>vs.                              )<br>                              )<br>FEDERAL BUREAU OF PRISONS, et al.   )<br>          Respondents    ) | C.A.No. 06-223 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that Petitioner's motion for injunctive relief [Document # 4] be denied.

**II     REPORT**

On September 27, 2006, Petitioner, a federal inmate acting *pro se*, filed the instant petition for writ of habeas corpus. Petitioner raises issues relating to his eligibility for placement in a Community Corrections Center prior to his release.

On October 18, 2006, Petitioner filed a motion for injunctive relief. Petitioner claims that following an incident on October 15, 2006, involving two other inmates who wandered away from the prison camp the wooded outskirts of the Prison Camp, the prison staff have changed their "means of managing the camp population":

> ... the Respondents suspended all visits, turned off the phones, and forbade the use of both the recreational facilities and the law library. The Respondents' newly implemented management procedure is un constitutional because it prevents Petitioner and others from accessing the courts. The Respondents' suspension of all visits is particularly injurious since Petitioner will be unable to visit with attorneys to discuss the above-captioned case. Wherefore , Petitioner prays that this Honorable Cort grant him injunctive relief enjoining the Respondents from unlawfully punishing him for the acts of others.

Document # 4.

In order to obtain a preliminary injunction, the district court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Petitioner must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Petitioner's request for injunctive relief is unrelated to the underlying petition for writ of habeas corpus. Petitioner cannot show that he will suffer any immediate and irreparable harm as he is not currently under any deadline to file any pleading in this court and so he is not being denied access to the courts. Additionally, Petitioner does not have counsel and so any limitations he many face in regards to visitation are purely speculative at this point in time.

Accordingly, Petitioner's request for injunctive relief should be denied.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion for preliminary injunction [Document # 4] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: October 27, 2006